IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN DISTRICT
OF TEXAS

| | |
|---|---|
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, | § § § |
| *Plaintiff*, | § CIVIL ACTION NO. 4:16-cv-02643 |
| | § |
| v. | § § |
| | § |
| O.W. b/n/f HANNAH W., | § § |
| *Defendants*. | § § |

### DEFENDANTS' SUPPLEMENTAL BRIEF

Come now Defendant O.W. b/n/f/ Hannah W. ("Defendant Parents" or "O.W."), and file this *Defendants' Supplemental Brief* to address questions of the Court at Docket 86:

**I.  DEFENDANT O.W. IS ENTITLED TO AT LEAST A TWO YEAR REMEDY.**

The parties agree that this Court, like the hearing officer below, can "grant such relief as it determines is appropriate." 20 U.S.C. § 1415(e)(2); *see also* Dkt. 42, ECF 35. A court has broad discretion to fashion equitable relief when it has found the child was denied a free appropriate public education. The primary relief granted by courts under 20 U.S.C. § 1415(i)(2)(c)(iii) and 34 C.F.R. § 300.516(c)(3) is a form of equitable relief called compensatory education which can also be in the form of tuition reimbursement. *See Ferren C. v. Sch. Dist. of Philadelphia*, 612 F.3d 712 (3d Cir. 2010). One of the primary cases on tuition reimbursement, *Florence Cnty. Sch. Dist. Four v. Carter ex rel Carter*, 510 U.S. 7, 16 (1993), involved an equitable award of three years of private school tuition reimbursement for a student who qualified for special education only in the last month of the last year she attended public school and whose parents rejected the first IEP they were ever offered. Other courts have issued similar equitable remedies. *Sch. Comm. of Burlington v. Dep't of Ed. of Mass.*, 471 U.S. 359, 364 (1996)

(ordering private tuition for school year and continued placement in school due to order of the state hearing officer); *Alamo Heights Indep. Sch. Dist. v. State Bd. of Educ.*, 790 F.2d 1153 (5th Cir. 1986) (remanding to determine relief of costs for two different summer programs). Compensatory education awards should place children in the position they would have been in but for the violation of the IDEA. Such awards often provide "more" than what the child actually lost in order to make up for the loss. *Draper v. Atlanta Indep. Sch. System,* 518 F.2d 1275 (11th Cir. 2008) (ordering private school tuition payments to remedy loss); *Reid v. D.C.*, 401 F.3d 516 (D.D.C. 2005) (rejecting award and explaining that compensatory education often calls for services above and beyond those normally provided to a student).

In *Forest Grove*, the child had not received an IEP at all, and like Defendants here, the parents placed the child in a private school. *Forest Grove v. T.A.,* 557 U.S. 230, 245 (2009). The school district argued no remedy was available because the child had never received special education services. The Court further explained that parents and children in such a situation should have an "adequate remedy." *Id.* at 245. A student's remedy is not limited to the actual loss experienced. It is, instead, intended to put the child in the position the child would have been in if the violations had not occurred. See, also, *G.L. v. Ligonier Valley Sch. Dist. Auth.,* 802 F.3d 601, 613, 618-623, 625 (3rd Cir. 2015) (the IDEA has no "remedy cap" as that would be inconsistent with the Act's broad remedial purpose). The remedy is as broad as the facts and equities dictate. Within this context, the Court must sustain the two years of relief ordered.

## II. COURT'S QUESTION 1: RELIEF FOR TWO SCHOOL YEARS.

**Question:** Did the hearing officer have authority to award relief for two years even though O.W. only attended school in SBISD for one year, 2014-2015? **Answer:** Yes.

O.W. has the right to both a free education and an appropriate one. 20 U.S.C. § 1401(9).

Two years were at issue in this case, 2014-2015 and 2015-2016 with the hearing ending in a decision issued August 3, 2016. During 2014-2015 while in the district, O.W. received a free program but it was not appropriate. The second year, 2015-2016, O.W. received an appropriate program at Fusion Academy but it was not free as his parents paid tuition. Under this scenario, the hearing officer had authority to award O.W. relief for both years.

A hearing officer's authority is coextensive with that of the courts as to relief. *Cocores v. Portsmouth, New Hampshire Sch. Dist.*, 779 F. Supp. 203 (D. N.H. 1991) (authority is the same given hearing officer's expertise); *Lopez-Young v. D.C.,* 211 F. Supp. 3d 42, 45 (D.D.C. 2016) (hearing officer has broad discretion to fashion a remedy).

An award providing a remedy for two years is common in tuition reimbursement cases because of the nature of these cases. In a recent case, *Student v. Killeen ISD*, 117 LRP[1] 43097, (2017), (Attachment 1), the hearing officer found the year the student was in the school he was denied a FAPE, and the year he spent in his private school was appropriate. She ordered reimbursement for the year his parents paid and ordered the district to pay for an upcoming year as a remedy. And see, *T.T. v. Beaumont*, 114 LRP 41599 (2014) (awarding private placement until district reformed program). Often, the parent contends the district has not provided the child with a free appropriate public education and seeks relief for the year prior to the hearing request. Dissatisfied with the public placement, and faced with what the parent believes is an inappropriate program, the parent then takes the risk of placing the child unilaterally/privately. Parents then seek relief through the hearing system for the inappropriate year the child was in public school as well as prospective placement and/or reimbursement for the unilateral private

---

[1] The reference to LRP is to the Individuals with Disabilities Law Reporter (IDELR) available on-line or through Westlaw.

placement program.[2] Here, Hearing Officer Cloninger properly awarded relief to O.W. for two years under just that type of scenario. The parents sought relief for the 2014-2015 school year while O.W. was at SBISD in three unsuccessful programs (Nottingham 5th grade, TOTAL program, and Ridgecrest's AB program). They also sought reimbursement for Fusion Academy where O.W. was successfully placed throughout the summer of 2015, the entire 2015-2016 school year, and continuing through end of February 2017

<u>2014-2015 School Year</u>. Until March 23, 2015, O.W. had no IEP at all. O.W. had a disastrous fifth grade year at Nottingham Elementary, continuing in the TOTAL disciplinary program and assignment to the Ridgecrest AB program during the 2014-2015 school year. The programs did not meet his unique needs as a Gifted and Talented student with severe behavioral issues. Defendant Parents requested the hearing in October 28, 2015 challenging the denial of FAPE during the 2014-2015 school year, including the only IEP created by Plaintiff SBISD—the March 15, 2015. AR 1609-1642; *see also* AR 1607-1608, (SBISD's List of Exhibits for administrative hearing.)

Hearing Officer Cloninger found that the ARD Committee did not develop an IEP to address the academic needs of O.W., a twice exceptional (gifted) child. The IEP's academic goals underestimated his ability as a Gifted and Talented child and proposed no meaningful growth. Second, she concluded that SBISD could not show that O.W. experienced positive academic and non-academic benefits. AR 88. O.W. was failing all content classes in October,

---

[2] In *Florence Cnty.*, the parents requested a hearing to challenge Shannon's ninth grade IEP, and "in the meantime," placed her in Trident Academy, a private school while the litigation ensued culminating in a favorable district court ruling three years later reimbursing the tuition and affirmed by the 4th circuit in 1991 and ultimately, the Supreme Court. *Florence Cnty.*, 510 U.S. at 10-11. In *Burlington*, the parents rejected an IEP for Michael's third grade year, 1979-80 school year, requested a hearing and "meanwhile… [placed] Michael in the Carroll school and Michael started there in September of 1979" …. Ultimately, the Supreme Court ruled in his favor in 1985, mid-year of his 8th grade year. *Burlington*, 471 U.S. at 362-363.

2014. AR 23, HO FF 65; AR 38, FF 112, 114(a). Hearing Officer Cloninger questioned the credibility of O.W.'s "As and Bs" in the TOTAL program's "corrected" report card. AR 80. Finally, she found that the Ridgecrest staff failed to fully implement O.W.'s March 23, IEP, particularly in the area of behavioral needs. AR 89. The behavioral interventions were not always correctly implemented; including a "calm interaction style, minimizing verbal interactions, access to a cooling off period, and avoiding power struggles with O.W." AR 90. Ridgecrest repeatedly used time-outs, physical restraints, automatic isolations, and called the police on four occasions. AR 90. Hearing Officer Cloninger awarded a remedy for O.W.'s experience during the 2014-2015 school year in the form of relieving his parents of payment for Fusion Academy during the 2016-2017 school year. AR 98.

<u>2015-2016 School Year.</u>

Hearing Officer Cloninger next correctly turned to the question of whether O.W.'s parents were entitled to be reimbursed for the tuition costs of the 2015-2016 school year at Fusion Academy. The Fifth Circuit allows hearing officers to issue this type of remedy as either compensatory education in the form of tuition reimbursement (for the 2015-2016 school year), <u>or</u> as a prospective educational placement, or combinations thereof. *Houston ISD v. Juan P.,* 582 F.2d 576 (5th Cir. 2009) (ordering one year of private school reimbursement). Here, Hearing Officer Cloninger concluded that it would be detrimental to move O.W. from Fusion Academy and back to the AB program at SBISD during 2015-2016. This was the year of the hearing. At hearing, Dr. Powell-Williams, who knew O.W. from 2nd grade through the time of the hearing, convincingly testified that it would be detrimental for O.W. to return. AR 2169. The Hearing Officer thus correctly awarded Defendant Parents reimbursement of $50,250.00 for the 2015-2016 school year since O.W. was at Fusion at parent expense. In other words, Fusion was

appropriate but it was not free. The Hearing Officer's concluded it would have been detrimental to return O.W. to the SBISD program for the 2015-16 school year. Accordingly, she awarded tuition reimbursement for 2015-2016. AR 108.

### III.    COURT'S QUESTION NO. 2: SBISD'S FAILURE TO TIMELY CHILD FIND.

**Question:** If the Court finds that Plaintiff SBISD failed its Child Find duty but did not fail to implement the IEP, must the Court sustain a two-year remedy? **Answer:** Yes.

A hearing officer determines what would be fair under the circumstances in order to place the child in the position he would have been in if he had not been deprived. Here, Nottingham assistant principal Folger did not provide Defendant Parents with information about Child Find; instead providing them information only about Section 504 accommodations. AR 22, FOF 61. Because O.W. was a resident of SBISD, the school district had an ***affirmative*** Child Find duty to have in place a means by which O.W. would be **promptly** identified for special education. O.W. had severe behavioral issues on the very first day of school and his misbehavior never really abated until he moved to Fusion Academy. *El Paso Indep. Sch. Dist. v. Richard R.*, 567 F. Supp.2d 918 (W.D. Tex. 2008), *aff'd in part, rev'd in part*, 591 F.3d 417 (5th Cir. 2009) (recognizing school district's affirmative Child Find duty).

Hearing Officer Cloninger noted that Texas law at the time allowed school districts to consider regular education interventions, such as RTI prior to a referral for special education. AR 77. Plaintiff SBISD argues this in its brief to Hearing Officer Cloninger. AR 610-611, 612 (claiming the district had a duty to implement general education interventions through Section 504 first and "give it a chance to work"). But, relying on RTI resulted in O.W. failing academically and behaviorally. The United States Department of Education, as of January 11, 2018 has concluded that Texas has been in violation of its Child Find duty because of a Texas

imposed "8.5% cap" on special education eligibility. DOE has indicated that it is not appropriate to delay special education identification by relying on regular education interventions, including Section 504, instead of evaluating a child for special education. *Enclosure to Letter to Morath* (Dep't of Educ. January 11, 2018).[3] Here, O.W. needed prompt attention for special education services, not a delayed Child Find process. The Court should sustain the Hearing Officer's award in total; again, it is not "how long" the loss lasted- the Court, like the hearing officer, must consider the impact on this gifted child who was not benefiting academically or behaviorally.

## IV.   COURT'S QUESTION NO. 3: SBISD'S FAILURE TO IMPLEMENT.

**Question:** If the Court finds SBISD did not violate its Child Find obligation but did fail to implement O.W.'s IEP, does the above analysis change? **Answer:** No, O.W. is still entitled to two years of relief.

Hearing Officer Cloninger found that private school tuition was appropriate because Fusion Academy was meeting O.W.'s needs, and SBISD's program during 2014-2015 had not. AR 98-105. A hearing officer has discretion to reduce or deny an award of private tuition reimbursement if a parent's failure to notify the school before placement would have likely resulted in serious emotional harm to the child. Here, the Hearing Officer reasoned that returning O.W. to SBISD for the 2015-2016 school year to give the district "more time" to properly implement its program or improve it "could have resulted in serious emotional harm to him" as he would be under "the same IEP."[4]   AR 99. She relied upon the testimony of Dr. Powell-Williams stating that in the spring of 2015, O.W. was "so regressed in his therapy that it was

---

[3] Available at
http://dataserver.lrp.com/DATA/servlet/DataServlet?fname=1.10.18+TX+Monitoring+Enclosure+Final.pdf

[4] The March 2015 IEP did not include 1:1 provision for four weeks, one hour of personal care services or the limited counseling services offered by the SBISD in April of 2017 after O.W. left Fusion. SBISD Ex. 4 (at 15-19) and Ex. 2 (5-7). Neither IEP addressed O.W.'s Gifted and Talented needs.

difficult for him to learn or even go to school." AR 2193-2194. In response to a question about O.W. returning to the SBISD AB Program at Ridgecrest, Powell-Williams testified:

> "My opinion would be that, that would be very detrimental to his continued developmental growth, academically, socially. That would be very hard for him. If it – definitely, if it's the same programs that he existed in in those two schools prior."

AR 2169.

The failure to implement was a material failure that denied O.W. a FAPE, a loss of educational opportunity so great that he not only had failing grades but could not even attend full time for the last 20 days of school. Hearing Officer Cloninger found:

> It is undisputed that the behavioral interventions in Student's IEP were not always correctly implemented. The IEP required Ridgecrest staff to use a calm interaction style with Student and to minimize verbal interactions. Student was to have access to a cooling off period. Staff was to avoid power struggles. Yet Ridgecrest staff repeatedly used time-outs, used at least eight physical restraints and 16 automatic isolations. In addition, campus police were called on up to four occasions, the last occasion being so traumatic for Student that he was placed on a 20-day plan, shortening school days, just to get him through the end of the school year.

AR 90.

Hearing Officer Cloninger noted that as early as November, 2014, O.W. was not even able to attend the SBISD's Gifted program (SPIRAL) due to behaviors. AR 24. This bright child was failing fifth grade math and in fact did not complete the fifth-grade curriculum. He had not met the behavioral goals set out in his IEP. His overall conduct was unsatisfactory. O.W. was subjected to "time-outs" even though they were not listed in his IEP. He was not provided a commensurate school day for the last 20 days of school. Because she found that it would have been detrimental for O.W. to return to SBISD, Hearing Officer Cloninger awarded the parents $50,250.00 reimbursement for the 2015-2016 school year. Fusion Academy was appropriate for O.W.; ordering the reimbursement made it "free" to O.W.

V.      **FUSION ACADEMY TUITION REIMBURSEMENT APPROPRIATE.**

The Court has also queried whether finding that Plaintiff SBISD complied with Child Find and implemented O.W.'s IEP "would make any tuition reimbursement inappropriate." Dkt. 86. O.W. remains entitled to a full remedy for the two years he did not receive a <u>free</u> and <u>appropriate</u> program from Plaintiff SBISD.

Hearing Officer Cloninger found that the 2015 IEP was *not individualized* to O.W.'s unique needs as a twice exceptional child. *Endrew F. v. Douglas County School District Re-1,* 137 S. Ct. 988 (2017). A district's failure to provide a child with an individualized program that meets a child's unique needs – i.e. O.W.'s giftedness - denies a child a FAPE. *Questions and Answers on Endrew F. v. Douglas County School District Re-1*, 117 LRP 50044, (OSEP Dec. 7, 2017). Hearing Officer Cloninger explained:

> The first of the four factors also was not met, in that the program was not individualized on the basis of the student's assessment and performance. The ARD committee did not develop an IEP to address the academic needs of Student, a twice exceptional child. The IEP's academic goals underestimated his ability as a Gifted and Talented student and proposed no meaningful academic growth."

AR 88; *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F.,* 118 F.3d 245, 253 (5th Cir. 1997). She further found O.W. did not experience academic and nonacademic benefits. AR 81, AR 67, HO FOF 248. Hearing Officer Cloninger explained:

> Student, who is Gifted and Talented, had a failing Math grade at the end of the year and had not completed the fifth-grade curriculum; was not expected to achieve his behavioral goals by the next annual ARD committee meeting; and was only at school 3 hours per day for most of the month of May, in contradiction to the full day required by his IEP.

AR 44, HO FF 124; AR 24, HO FF 75. Judge Sparks recently held that the Supreme Court has "declined to equate grade advancement with the receipt of a FAPE." *Lisa M. v. Leander Independent School District,* Civil File No. 1:16-cv-01085-SS, ECF 15 (January 30, 2018)

(citing *Endrew F.*, 137 S. Ct. at 1000; 34 C.F.R. § 300.101(c)(1)). Here, O.W. was failing academically and behaviorally. Even if the Court finds that the SBISD did not violate Child Find and did not materially fail to implement his IEP, O.W. was not receiving FAPE. He is entitled to be compensated for the 2014-2015 and 2015-2016 school years, when he was deprived of FAPE.

Moreover, SBISD did not even propose any "different" program until <u>after</u> O.W. left Fusion in February 2017. Only then did Plaintiff SBISD offer the revised AB program with an overall 2:1 classroom ratio, counseling, and 1:1 instruction. *See* P. Ex. 2 (TRO Hearing); Dkt. 76 at Tr. 109.113, 124. At the September 2018 hearing, Christine Davis described the revised AB program as having a 2:1 ratio and including one-on-one instruction. Dkt. 76, Tr. 124 (lines 6-19). In contrast, at the due process hearing, the Ridgecrest AB program was described as a classroom with 2 teachers to 5 students, without any one-to-one instruction or counseling. AR 2193. O.W. should receive the amount ($18,000) that would have been paid to Fusion for the third trimester; Plaintiff SBISD should not escape O.W.'s remedy for the 2014-2015 school year simply because unexpectedly, O.W. could not continue at Fusion Academy.

## VI. CONCLUSION

For all of the reasons explained above, Defendants request the Court deny the Plaintiff SBISD's Motion for Summary Judgment.

Respectfully submitted February 2, 2018.

/s/Sonja D. Kerr
_____
Cuddy Law Firm, PLLC
8723 Shoal Creek Blvd.
Austin, TX 78757
Telephone: (512) 649-3191
Facsimile: (512) 649-1217
Sonja D. Kerr, Texas Bar No. 24095771
Federal Bar No. 2952271
Email: skerr@cuddylawfirm.com

## CERTIFICATE OF SERVICE

I certify that on February 2, 2018, I electronically filed the foregoing document with the Clerk of Court using the EM/ECF system and served it upon counsel for Plaintiff SBISD, as indicated below:

Amy C. Tucker
Email:  atucker@rmgllp.com
Jonathon Brush
Email: jbrush@rmgllp.com
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:     (713) 960-6000
Facsimile:       (713) 960-6025

                                                   */s/Sonja D. Kerr*
                                                   Counsel for Defendants