United States District Court
Southern District of Texas
**ENTERED**
August 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPRING BRANCH INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-2643 |
| O.W., | § § § | |
| Defendant. | § | |

## ORDER

Before the Court are the Fifth Circuit's August 7, 2020 Opinion (the "Opinion"), the Supplemental Briefing on Remedies filed by Plaintiff Spring Branch Independent School District ("SBISD") (Doc. #141), Defendant O.W's Response (Doc. #142), and SBISD's Reply (Doc. #142). Having reviewed the parties' arguments and applicable legal authority, the Court finds that SBISD denied O.W. a FAPE during the 2014–2015 school year and remands this case to the Special Education Hearing Officer ("SEHO") to determine an appropriate compensatory award.

### I.      Procedural History and Background

The Fifth Circuit remanded this case to address "the remedy question" in light of its Opinion, which affirmed in part and reversed in part this Court's March 28, 2018 Order. *Spring Branch Indep. Sch. Dist. v. O.W. by Hannah W.*, 961 F.3d 781, 800 (5th Cir. 2020), *cert. denied sub nom. Spring Branch Indep. Sch., Dist. v. O. W. By Next Friend Hannah W.*, 141 S. Ct. 1389, 209 L. Ed. 2d 129 (2021); Doc. #90. This case stems from a dispute over the provision of a free appropriate public education ("FAPE") between O.W., a minor student, and SBISD, the school district O.W. enrolled in for fifth grade during the 2014–2015 school year. A detailed explanation of O.W.'s experience at SBISD can be found in the Court's March 2018 Order and the Fifth Circuit's August 2020 Opinion. Doc. #90; *O.W. by Hannah W.*, 961 F.3d at 785. In relevant part,

when O.W. began fifth grade, he immediately exhibited behavioral problems that eventually caused him to be removed from class on a daily basis. *O.W. by Hannah W.*, 961 F.3d at 787. At an October 8, 2014 meeting, O.W.'s Section 504 Committee, which included O.W.'s parents and SBISD school officials, determined that O.W. was eligible for Section 504 accommodations and created an Individual Services and Accommodation Plan for him. AR 1838–40. After the accommodations proved ineffective, the Section 504 Committee met again on January 15, 2015. AR 1834. At this meeting, SBISD agreed to refer O.W. for a full individual and initial evaluation ("FIE" or "special education evaluation"). *Id.* The evaluation was completed on February 24, 2015 and concluded that O.W. was eligible for special education. AR 1609.

An Admission, Review, and Dismissal Committee ("ARDC") meeting was held on March 11, 2015, where an Individualized Education Program ("IEP") was developed for O.W. AR 1630. O.W.'s IEP went into effect on March 23, 2015. *Id.* Once the IEP was in place, SBISD employees used timeouts, physical restraints, and even police intervention to address O.W.'s behavioral problems. AR 2754, 52–56. O.W.'s difficulties continued and in May, O.W.'s school day was shortened to three hours per day. *O.W. by Hannah W.*, 961 F.3d at 789. By the end of the school year, O.W. had "so regressed in his therapy that it was really difficult for him to . . . even go to school," and O.W.'s parents ultimately withdrew him from school three days before the school year ended. *Id.*; AR 44, 2193–94.

When an SBISD teacher suggested that O.W. recieve math tutoring over the summer, O.W's parents signed him up for tutoring at Fusion Academy, a private school. AR 71. O.W. "was happy and doing well at Fusion," so his parents unilaterally decided to enroll him there for the 2015–2016 school year. AR 97. O.W.'s mother did not inform SBISD that he would not be re-enrolling for the 2015–2016 school year until August 14, 2015, less than 10 days before the school year began. *O.W. by Hannah W.*, 961 F.3d at 789; AR 1522. O.W. attended Fusion

2

Academy for the 2015–2016 school year.[1] *O.W. by Hannah W.*, 961 F.3d at 789.

O.W.'s parents filed an administrative complaint against SBISD on October 28, 2015, approximately two months into the 2015–2016 school year. *Id.* The parties appeared for an administrative hearing on May 24, 2016. *Id.* The SEHO issued a decision in O.W.'s favor on August 5, 2016, finding that SBISD (1) violated its Child-Find duty by unreasonably delaying its referral of O.W. for a special education evaluation, (2) failed to implement O.W.'s IEP, and (3) denied O.W. a FAPE during the 2014–2015 school year. *Id.* Based on these findings, the SEHO found that O.W. was entitled to reimbursement for tuition and tutoring at Fusion for the 2015–2016 school year and to a compensatory education award of tuition at Fusion for the 2016–2017 school year. *Id.* SBISD appealed that decision to this Court, who granted summary judgment for O.W. and affirmed the SEHO's findings and decision on March 29, 2018. *Id.* at 789–90. SBISD appealed this Court's decision to the Fifth Circuit. *Id.* at 790.

The Fifth Circuit affirmed that SBISD violated its Child-Find duty by unreasonably waiting 99 days from October 8, 2014 to January 15, 2015 to refer O.W. for a special education evaluation. *Id.* at 793. It also affirmed that SBISD failed to implement O.W.'s IEP by using timeouts and shortening O.W.'s school day to three hours per day. *Id.* at 797, 799. However, the Fifth Circuit reversed the SEHO and this Court's findings that the use of physical restraints, police interventions, and a delayed start of O.W.'s school day violated O.W.'s IEP. *Id.* at 797–99. In light of these findings, the Fifth Circuit remanded this case to determine the appropriate remedies. *Id.* at 800. SBISD then filed a petition for writ of certiorari to appeal the Fifth Circuit's decision to the Supreme Court and the Court stayed this case pending a ruling on the petition. Doc. #148. The Supreme Court denied SBISD's petition. Doc. #150. Accordingly, the stay is hereby LIFTED

---

[1] O.W. also began the 2016–2017 school year at Fusion Academy but was removed from the school in February of 2017 and enrolled in an out-of-state residential school. *O.W. by Hannah W.*, 961 F.3d at 789.

and the parties' supplemental briefing on remedies is ripe for review.

## II. Legal Standard

Under the Individuals with Disabilities Education Act ("IDEA"), a party aggrieved by a SEHO's findings and decision may bring suit in district court. 20 U.S.C. § 1415(i). A district court reviewing a SEHO's decision "shall grant such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(iii). "The ordinary meaning of these words confers broad discretion on the court" and "equitable considerations are relevant in fashioning relief." *Sch. Comm. of Town of Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369, 374 (1985). "The district court's review is virtually *de novo*" and "the court must ultimately reach an independent decision based on a preponderance of the evidence." *Dallas Indep. Sch. Dist. v. Woody*, 865 F.3d 303, 308–09 (5th Cir. 2017) (quotation omitted). However, "[a]n issue of law or fact decided on appeal may not be reexamined [] by the district court on remand." *Lindquist v. City of Pasadena, Tex.*, 656 F. Supp. 2d 662, 677 (S.D. Tex. 2009), *aff'd*, 669 F.3d 225 (5th Cir. 2012).

## III. Analysis

### a. Actionable Violations

The Fifth Circuit affirmed that SBISD violated its Child-Find duty when it unreasonably delayed referring O.W. for a special education evaluation "between October 8, 2014 and January 15, 2015," totaling "99 days, or three months and seven days." *O.W. by Hannah W.*, 961 F.3d at 793, 795. The Child-Find duty imposed by the IDEA requires school districts to "identify, locate, and evaluate students with suspected disabilities within a reasonable time after the school district is on notice of facts or behavior likely to indicate a disability." *Id.* at 791. Here, the Fifth Circuit found that by October 8, 2014, SBISD "was more than reasonably on notice of acts or behavior likely to indicate a disability before implementing § 504 accommodations, and it was, therefore, required to evaluate O.W." *Id.* at 794 (quotation omitted).

4

SBISD argues that this delay was a harmless procedural error because Texas "safe harbor" provisions give school districts 45 school days to evaluate a child once a parent consents to the evaluation and 30 calendar days to implement an IEP after the evaluation is completed, thus covering much of the 99-day delay. Doc. #141 at 4–5. But the 99-day delay the Fifth Circuit found to be unreasonable was SBISD's delay in referring O.W. for a special education evaluation—not a delay in evaluating O.W. once the referral was made or in implementing an IEP once the evaluation was completed. *See O.W. by Hannah W.*, 961 F.3d at 795. Texas law offers no such "safe harbor" for referring a child for a special education evaluation and this Court is bound by the Fifth Circuit's determination that the 99-day delay in referring O.W. for a special education evaluation violated SBISD's Child-Find duty. *See id.*; *Lindquist*, 656 F. Supp. 2d at 677.

Thus, the only question is whether this violation is actionable. For a procedural violation of the IDEA, such as an unreasonable delay in complying with the Child-Find duty, a child is entitled to relief "only if the procedural inadequacies—(I) impeded the child's right to a free appropriate public education; (II) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free public education to the parents' child; or (III) caused a deprivation of education benefits." *O.W. by Hannah W.*, 961 F.3d at 800 n19 (quoting 20 U.S.C. § 1415(f)(3)(E)(ii)). In this case, there are numerous indications that O.W. was deprived of education benefits during the 99-day delay. For example, despite being identified as gifted and talented, O.W. failed his math and science benchmarks. AR 1658. After a few months of participating in SPIRAL, SBISD's gift and talented program, O.W.'s parents pulled him from the program due to his poor grades, difficulties with transitions, and challenges on the bus ride to the program. AR 24, 1865. By January 2015, O.W. had failing grades, multiple in-school and out-of-school suspensions due to behavioral problems, and excessive absences due to his resistance to attending school. AR 38. As such, the Court finds that SBISD's Child-Find violation "caused

a deprivation of education benefits" for O.W. and thus entitled O.W. to relief. 20 U.S.C. § 1415(f)(3)(E)(ii); *O.W. by Hannah W.*, 961 F.3d at 800 n19.

The Fifth Circuit also found that SBISD denied O.W. a FAPE by failing to implement his IEP. *O.W. by Hannah W.*, 961 F.3d at 797, 799. The IDEA "requires states and local educational agencies receiving federal IDEA funds to make a FAPE available to children with certain disabilities." *Id.* at 795. "Schools provide students a FAPE based on IEPs," which "must be both adequate in design and properly implemented." *Id.* If a school's failure to implement an IEP is "substantial or significant" and the child is denied an education benefit, that child has been denied a FAPE and the IDEA violation is actionable. *Id.* at 795–96; *Houston Indep. Sch. Dist. v. Bobby R.*, 200 F.3d 341, 349 (5th Cir. 2000). In this case, the Fifth Circuit found that SBISD's use of timeouts "was a significant or substantial departure from O.W.'s IEP" and that "[d]uring the time period [in which] this departure occurred, O.W. regressed both educationally and behaviorally." *O.W. by Hannah W.*, 961 F.3d at 797. Additionally, the May 6, 2015 modification, "which approximately halved O.W.'s school day, was a substantial and significant deviation from the IEP which indisputably resulted in a loss of academic benefits" for O.W. *Id.* at 799.

As such, the Court finds that O.W. is entitled to an equitable remedy for SBISD's Child-Find violation and failures to implement his IEP.

### b. Remedy

In light of SBISD's actionable IDEA violations, the Court must determine the appropriate remedy. Relief authorized by the IDEA includes "reimbursement for the cost of private special education services when a school district fails to provide a FAPE and the private-school placement is appropriate." *Id.* at 789 (quoting *Woody*, 865 F.3d at 314–15). However, such reimbursement "may not extend to periods when no FAPE violation occurred." *Id.* The right to private school reimbursement only exists "while the school district is noncompliant (or acknowledges its inability

6

to comply) with its obligation to provide a free appropriate public education." *Id.* (citation omitted). Conversely, "compensatory awards, which may include tuition reimbursement, are designed to provide services prospectively to compensate for a past deficient program. Such awards should place children in the position they would have been in but for the violation of the Act." *Id.* at 800 (citation omitted). Unlike the temporal requirement for the right to tuition reimbursement, a compensatory award only requires a corresponding finding of an IDEA violation. *P.P. v. Nw. Indep. Sch. Dist.*, 839 F. App'x 848, 857 (5th Cir. 2020).

O.W. interprets the Fifth Circuit's Opinion as "precluding tuition reimbursement for the 2015–2016 school year." Doc. #142 at 11. The Court agrees. The SEHO found that O.W.'s parents' unilateral decision to withdraw O.W. from SBISD and place him at Fusion precluded the SEHO from finding that SBISD deprived O.W. of a FAPE during the 2015–2016 school year. AR 97. This is consistent with the fact that the two FAPE denials found for the 2014–2015 school year cannot be characterized as extending to the subsequent year. First, SBISD's Child-Find obligation was satisfied when O.W. was referred for a special education evaluation. *O.W. by Hannah W.*, 961 F.3d at 793.

Second, though SBISD failed to implement O.W.'s IEP in the spring of 2015, it is undisputed that the IEP itself "was adequate in design." *Id.* at 795. Had O.W. enrolled in SBISD for the 2015–2016 school year, he would have moved from the elementary school he attended for fifth grade to a new middle school with new teachers and staff implementing the undisputedly "adequate" IEP. *Id.*; AR 1625, 99; *c.f. Florence County School District Four v. Carter by and through Carter*, 510 U.S. 7, 12 (1993) (quotation omitted) (recognizing that the "IDEA's grant of equitable authority empowers a court to order school authorities to reimburse parents for their expenditures on private special education for a child if the court ultimately determines that such placement, rather than a proposed IEP, is proper under the Act"). O.W. never enrolled in the

7

SBISD middle school, precluding a finding that the middle school failed to implement his undisputedly "adequate" IEP for the 2015–2016 school year. As such, the Court finds that O.W. has failed to show by a preponderance of the evidence that FAPE violations would have continued beyond the 2014–2015 school year or that SBISD was "noncompliant (or acknowledge[d] its inability to comply) with its obligation to provide a" FAPE for the 2015–2016 school year. *See O.W. by Hannah W.*, 961 F.3d at 789 (citation omitted). As such, O.W. did not have a right to tuition reimbursement for the 2015–2016 school year.

However, O.W. was denied a FAPE during the 2014–2015 school year and is therefore eligible for a compensatory award to remedy the "deficient program." *O.W. by Hannah W.*, 961 F.3d at 800. Unlike IEPs, compensatory awards "must do more" than provide some education benefit; "they must *compensate*" for the educational deficit and "undo[] damage done by" the education agency's previous violation. *Reid ex rel. Reid v. D.C.*, 401 F.3d 516, 525, 523 (D.C. Cir. 2005) (emphasis in original); *D.A. v. Houston Indep. Sch. Dist.*, 716 F. Supp. 2d 603, 613 (S.D. Tex. 2009), *aff'd*, 629 F.3d 450 (5th Cir. 2010). Courts use either a quantitative or qualitative approach for calculating compensatory education under the IDEA. *See e.g. M.C. on Behalf of J.C. v. Cent. Reg'l Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996) (holding that "a disabled child is entitled to compensatory education for a period equal to the period of deprivation, but excluding the time reasonably required for the school district to rectify the problem"); *Reid ex rel. Reid*, 401 F.3d at 524–25 (requiring "individualized" compensatory awards that "remedy . . . an educational deficit created by an educational agency's failure over a given period of time to provide a FAPE to a student" and are "reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place"); Perry A. Zirkel, Ph.D., J.D., LL.M., *The Two Competing Approaches for Calculating Compensatory Education Under the Idea*, 339 Ed. Law Rep. 10, 11 (2017). Though the Fifth

Circuit has not explicitly adopted one approach over the other, the Court applies the qualitative approach endorsed by *Reid* in light of the Fifth Circuit's reliance on the case in the Opinion. *See O.W. by Hannah W.*, 961 F.3d at 800.

Here, SBISD's "obligations under the Act accrued" on October 8, 2014, when it violated the IDEA by failing to evaluate O.W. despite being "more than reasonably on notice of acts or behavior likely to indicate a disability." *Woody*, 865 F.3d at 322; *O.W. by Hannah W.*, 961 F.3d at 794 (quotation omitted). But as was true in *Reid*, the previous award of compensatory education did not analyze "evidence regarding [O.W.'s] specific educational deficits resulting from his loss of FAPE" during the 2014–2015 school year or, more importantly, "the specific compensatory measures needed to best correct those deficits." *See Reid*, 401 F.3d at 526. Rather, in the single paragraph addressing compensatory education, the SEHO stated

> In the 2014-2015 school year, the District did not timely fulfill its Child Find obligation and did not fully implement Student's IEP, denying Student a FAPE. As such, Student is entitled to a school year of compensatory education. Some courts have held that compensatory education may be provided in the form of private placement. For example, the Eleventh Circuit Court of Appeals held that nothing in the IDEA precludes an award of compensatory education in the form of placement in a private school. Accordingly, the hearing officer finds that Student should be awarded one school year of compensatory education at Fusion, to be fulfilled in the 2016-2017 school year.

Doc. #11, Ex. 3 at 99. The SEHO's decision did not address what, if any, specific educational deficits resulted from O.W.'s denial of FAPE during the 2014–2015 school year, nor did it explain how one year of private school was necessary "to best correct those deficits." *See id.*; *Reid*, 401 F.3d at 526. The SEHO's use of "cookie-cutter formula" to award one year of compensatory education for one year of a FAPE denial without any other considerations was not consistent with the IDEA's "aim [] to guarantee disabled students 'specialized education and related services *designed to meet their unique needs.*'" *See Reid*, 401 F.3d at 527, 524 (quoting 20 U.S.C. § 1400(d)(1)(A)) (emphasis in original). Contrary to SBISD's assertion, however, the absence of a

"fact-specific inquiry" does not mean that O.W. is not entitled any relief.[2] *See id.* at 526. Rather, O.W. is entitled to "an informed and reasonable exercise of discretion regarding what services[, if any,] he needs to elevate him to the position he would have occupied absent the school district's failures." *Id.* at 527; *O.W. by Hannah W.*, 961 F.3d at 800.

As such, the Court finds that the appropriate remedy is to remand this matter to the SEHO to determine in the first instance whether O.W. had "specific educational deficits resulting from his loss of FAPE" and if so, "the specific compensatory measures needed to best correct those deficits." *See Reid*, 401 F.3d at 526; *Z.J. v. Bd. of Educ. of the City of Chicago, Dist. No. 299*, 344 F. Supp. 3d 988, 1002 (N.D. Ill. 2018) (noting that "remand is appropriate where, as here, the record does not supply the Court with enough information to determine how much compensatory education—if any—is necessary to restore the student to the position she would have occupied, had the school district provided her with a FAPE during the periods in which she was deprived of one") (cleaned up) (collecting cases); *Seth B. ex rel. Donald B. v. Orleans Par. Sch. Bd.*, 810 F.3d 961, 980 (5th Cir. 2016) (remanding to "the court below (or, upon further remand, the administrative hearing officer)" to determine an unaddressed "factually specific question"); *Washington ex rel. J.W. v. Katy Indep. Sch. Dist.*, 447 F. Supp. 3d 583, 594 (S.D. Tex. 2020) (remanding to the hearing officer to "make a fact-specific determination").

### IV.  Conclusion

In conclusion, the stay imposed by this Court is hereby LIFTED. The Court finds that SBISD's Child-Find violation deprived O.W. of educational benefits and therefore amounted to an actionable IDEA violation. SBISD's multiple failures to implement O.W.'s IEP similarly

---

[2] SBISD also argues that Fusion is not a reimbursable private placement under the IDEA. Doc. #141 at 12. To the extent such an argument is applicable for compensatory education awards, the Fifth Circuit's Opinion does not address or alter the Court's conclusion that Fusion was an appropriate placement for O.W. *See* Doc. #90 at 18–19.

amounted to actionable IDEA violations. The Court REMANDS this matter to the SEHO to determine in the first instance whether SBISD's failure to provide a FAPE during these periods resulted in specific educational deficits for O.W., and if so, what specific compensatory measures were needed to best correct those deficits.[3] Furthermore, the Court orders that this case be ADMINISTRATIVELY CLOSED. If either party decides to appeal the SEHO's determination, that party may move to reinstate the case on the court's active docket. A copy of this order shall be attached as an exhibit to any motion to reinstate.

It is so ORDERED.

AUG 0 9 2021
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

---

[3] In light of the Court's decision, SBISD's Motion to Lift Stay, Order Remedies, and Award Defendants Attorneys' Fees (Doc. #152) and SBISD's Motion to Dismiss (Doc. #154) are both DENIED as moot. Until a remedy has been awarded, any motion for attorney's fees is premature. *See Gary G. v. El Paso Ind. Sch. Dist.*, 632 F.3d 201, 207 (5th Cir. 2011) (internal quotations omitted) ("[T]o achieve prevailing party status, a party must attain both: a remedy that alters the legal relationship between the parties and fosters the IDEA's purposes; and some judicial imprimatur on a material alteration of the legal relationship.").

11